## LEVIN v. LEHR.

(Supreme Court, Appellate Term. March 8, 1912.)

BROKERS (§ 84*)—REAL ESTATE BROKERS—SUIT FOR COMMISSION—BURDEN OF PROOF.

　　In an action for a real estate broker's commission for procuring a purchaser for a manufacturing plant, the burden was not on him to show why the contract of sale which he brought about was not carried out.

　　[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Larcy Levin against Max Lehr. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Isaac Hyman, for appellant.
M. Angelo Elias, for respondent.

BIJUR, J. This action is brought by plaintiff to recover brokerage of 5 per cent. on $8,500 for his services in the sale of a manufacturing plant owned by defendant. The plaintiff's testimony sufficiently shows that he was authorized to sell the plant originally for $9,000, payable during a period of three years; that in the course of negotiations which he conducted between defendant and a prospective buyer, defendant reduced the price to $8,500, payable $500 down, $2,000 on delivery of the plant, and $500 every three months thereafter. On these terms plaintiff brought a buyer, who was ready, able, and willing to purchase, to the defendant, and, after the terms were stated, the buyer, having looked through the plant, said that he was satisfied, and the parties shook hands on it. It appears that some hitch occurred through defendant's demands in regard to a chattel mortgage, which he made after consultation with his lawyer.

The learned trial judge dismissed the complaint on the theory that although, as he said, "the plaintiff had made out a very good case," he had not shown why the transaction was not carried out. "He was employed to procure a customer. He did procure a customer. The customer is ready, willing, and able to carry out the contract. Now, the burden is not on the defendant—it is not for the defendant now to prove—that it was not his fault that the contract was not carried out. The burden is on you [plaintiff] in the first instance to show why it was not carried out." This, however, is not a correct statement of the law applicable to this case. No such burden is imposed upon the plaintiff. On the very statement of the learned judge, plaintiff had made out a prima facie case, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.